UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DARREN ASHTON )
)
          Plaintiff, )
)
VS. )   CIVIL ACTION No. CV-97-S-1188-S
)
RSI ENTERPRISES, INC. )
)       **ENTERED**
          Defendant. )

MEMORANDUM OPINION     JUL 1 8 1997

    This action is before the court on defendant's motion to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted, and on plaintiff's response thereto, which contains a motion to amend complaint.  Upon consideration of the motions, pleadings, and evidentiary submissions, this court determines it would be unaided by oral argument of counsel and, therefore, **this action is removed from the court's July 22, 1997 motion docket**.  Further, this court concludes defendant's motion to dismiss is due to be granted, and plaintiff's motion to amend his complaint is due to be denied.

    Plaintiff alleges defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq.  While the complaint states this action concerns an effort "to collect an <u>alleged</u> child support arrearage," (Plaintiff's Complaint, at ¶ 4)(emphasis supplied)), plaintiff responds to defendant's motion by claiming the obligation in question <u>actually</u> arose from his settlement of an action filed by the State of Florida Department of Revenue, in which he agreed to reimburse that state for "food stamps and other benefits for dependent children" fraudulently

800/£00'd   Tφ£0 TSS SØ2      ETTInSINnH OSn      ØT:TT ∠66T-8T-∩ſ

4

obtained by his (now former) wife during a period that he "was voluntarily providing support to Ms. Ashton and also while the children were living with Plaintiff, Darren Ashton." (Plaintiff's Brief, at 1-2.)  Neither version of the "true" facts supports relief under the FDCPA.

## I.  RULE 12(b)(6) DISMISSAL STANDARD

For purposes of a motion to dismiss, the factual allegations in the complaint must be taken as true.  *Executive 100, Inc. v. Martin County*, 922 F.2d 1536, 1539 (11th Cir.1991), *cert. denied*, 502 U.S. 810, 112 S.Ct. 55, 116 L.Ed.2d 32 (1991).  Dismissal is appropriate where it is clear the plaintiff can prove no set of facts in support of the claims in the complaint.  *Powell v. United States*, 945 F.2d 374 (11th Cir.1991).  Accordingly, this court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action. *Executive 100*, 922 F.2d at 1539.  *See also Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).

## II. DISCUSSION

### A.  Plaintiff's FDCPA Claims

Plaintiff alleges an agent of defendant: (1) refused to provide verification of a disputed debt in violation of 15 U.S.C. § 1692g(b);[1]  (2) made  false,  deceptive,  and  misleading

---

[1]"If the consumer notifies the debt collector in writing . . . that the debt . . . is disputed . . . the debt collector shall cease collection of the debt . . . until the debt collector obtains verification of the debt . . . and a copy of such verification . . . is mailed to the consumer by the debt

2

representations in violation of 15 U.S.C. § 1692e;[2] (3) used unfair or unconscionable means to attempt to collect a debt in violation of 15 U.S.C. § 1692f;[3] and (4) made direct contact with plaintiff, with knowledge that plaintiff was represented by counsel, in violation of 15 U.S.C. § 1692c(a)(2).[4]

**B.    The FDCPA's "Debt" Requirement**

A threshold requirement for application of the FDCPA is that defendant's communications were made in an attempt to collect a "debt." *See Mabe v. G.C. Services Limited Partnership*, 32 F.3d 86, 88 (4th Cir. 1994); *Zimmerman v. HBO affiliate Group*, 834 F.2d 1163, 1167 (3rd Cir. 1987).

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. §1692a(5).

**C.    Child Support Arrearage**

Defendant asserts that a child support arrearage is not a "debt" under the FDCPA.  While not resolved by the Eleventh Circuit,

---

collector."

[2]"A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

[3]"A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

[4]"(a) Without the prior consent of the consumer . . . or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt — (2) if the debt collector knows the consumer is represented by an attorney with respect to such debt . . . ."

other courts considering this issue have found that child support obligations are not "debts" under the FDCPA. *Mabe v. G.C. Services Limited Partnership*, 32 F.3d 86 (4th Cir. 1994); *Brown v. Child Support Advocates*, 878 F.Supp. 1451 (D. Utah 1994); *Battye v. Child Support Services, Inc.*, 873 F.Supp. 103 (N.D. Ill. 1994). This court is persuaded that those opinions will be followed in this Circuit. Plaintiff's complaint is thus due to be dismissed to the extent that it arises from "an alleged child support arrearage."

**D.   Settlement with the State of Florida**

Plaintiff argues that the "alleged child support arrearage" is actually a settlement with the State of Florida:

> Unbeknownst to Plaintiff Darren Ashton, Ms. Fonda Ashton [his former wife] had been collecting food stamps and other benefits for dependent children from the State of Florida. These benefits were obtained while Plaintiff was voluntarily providing support to Ms. Ashton and also while the children were living with Plaintiff, Darren Ashton. The State of Florida, Department of Revenue, sued Plaintiff in Case No. 94-133 for recovery of certain amounts paid. At a hearing held on October 12, 1994, in Bay County, Florida, Plaintiff and the State of Florida agreed on an amount for Plaintiff to reimburse the State of Florida. The foregoing was done as a compromise to save attorney costs and to avoid probable criminal charges of fraud against Ms. Ashton.

(Plaintiff's Brief, at 1-2.)

The defendant in *McCarthy v. Rosenthal*, 1996 WL 249991 (D. Md. 1996), sought to collect a similar debt. In *McCarthy*, a judgment was entered against plaintiff for an outstanding credit card debt, and "the parties entered into a satisfaction agreement concerning payment on the judgment entered by the Circuit Court." *Id.* at *1. When defendant sought to collect on the satisfaction agreement,

4

plaintiff sued under the FDCPA. The court found "the debt sought to be collected by [defendant] arose out of an obligation [plaintiff] incurred by entering into the separate satisfaction agreement." *Id.* at *2. The court concluded that plaintiff "did not incur this obligation to receive consumer goods or services. Thus, his obligation under the agreement is not a 'debt' as defined by the FDCPA." *Id.* at *2.

This court is persuaded by the rationale of *McCarthy.* Like the *McCarthy* plaintiff, Darren Ashton entered a "separate satisfaction agreement," apart from any debt caused by the actions of his former wife. In fact, plaintiff and the State of Florida reached a "compromise to save attorney costs and to avoid probable criminal charges of fraud against [plaintiff's former wife]." (Plaintiff's Brief, at 2.) Thus, plaintiff admits that he did not incur the obligation to receive consumer goods or services, and therefore, his obligation to pay is not a "debt" as defined by the FDCPA. *See also, Bass v. Stolper, Koritzinsky, Brewster & Neider,* 111 F.3d 1322, 1326 (7th Cir. 1997)("the FDCPA limits its reach to those obligations to pay arising from consensual transactions where parties negotiate or contract for consumer-related goods or services"); *Mabe,* 32 F.3d at 88 (4th Cir. 1994)("debts" under the FDCPA must be incurred to receive consumer goods or services); *Nance v. Petty, Livingston, Dawson, & Devening,* 881 F.Supp. 223, 225 (W.D. Va. 1994)(condominium assessment was not "incurred to receive consumer goods or services"). Accordingly, defendant's motion to dismiss is  due to be granted.

5

## V. MOTION TO AMEND COMPLAINT

In his response to defendant's motion, plaintiff requests leave to amend his complaint "to include pendant state law claims for fraud and nuisance." (Plaintiff's brief, at 3.) That request is denied. Even if those claims were already properly presented in plaintiff's complaint, this court would decline to exercise pendant jurisdiction over them, because "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if ... (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). *See also Sarver v. Capital Recovery Associates, Inc.*, 951 F.Supp. 550, 555 (E.D. Pa. 1996)(refusing to exercise pendant jurisdiction after FDCPA claim dismissed); *Shorts v. Palmer*, 155 F.R.D. 172, 176 (S.D. Ohio 1994)(same).

## VI. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is due to be granted, and plaintiff's motion to amend his complaint is due to be denied. An order consistent with this memorandum opinion shall enter contemporaneously herewith.

DONE this 18th day of July, 1997.

_____
United States District Judge

6